UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CINDY McWATTERS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:13-cv-1229 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| CHERRY CREEK STRATEGIC ) | |
| ADVISORY, LLC, ) | **MEMORANDUM OPINION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action for damages brought against an alleged debt collector under the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, and analogous state law. Plaintiff's complaint involves defendant's efforts to collect allegedly past-due amounts on a Visa credit card account. Plaintiff alleges violation of the FDCPA arising from defendant's failure to afford plaintiff thirty days to dispute the debt or demand verification of it, as required by 15 U.S.C. § 1692g(a), and by demanding plaintiff pay off the debt within twenty-four hours of defendant's initial contact. Plaintiff also alleges that defendant misled plaintiff as to her rights not to be contacted at work and failed to provide written validation of the debt, as required by the FDCPA.

Presently pending before the court is plaintiff's motion to compel discovery. Plaintiff seeks an answer to interrogatory no. 2, which asked for the name of the obligor and the amount of the debt (including a breakdown between principal, interest, fees and other charges) which defendant was attempting to collect at the time of the incidents alleged in the complaint. Plaintiff also seeks

production of documents responsive to her request for production nos. 1 and 4, which essentially seeks discovery of defendant's entire file concerning plaintiff, including all documents related to defendant's attempt to collect the debt, all correspondence between the parties, collector's notes, audio recordings, and documents reflecting the contacts between defendant and plaintiff. Defendant objected to interrogatory no. 2 as overly broad and irrelevant, as plaintiff has not asserted any claims concerning her obligation to pay the underlying debt. Defendant produced, or agreed to produce, collector's notes and audio recordings but objected to the remainder of document request nos. 1 and 4, on the grounds that it was vague, overly broad, and sought discovery of documents beyond the scope of the issues in this case. After a perfunctory exchange of e-mails between counsel, plaintiff filed her discovery motion. In response to the motion, defendant asserts that plaintiff has not satisfied her obligation to meet and confer concerning the discovery dispute before filing a motion and, on the substance of the dispute, argues that the information sought is irrelevant to the claims and defenses in this case. The court has determined that oral argument will not be helpful in resolving this dispute. *See* W.D. MICH. LCIVR 7.3(d).

    A.    **Meet-and-Confer Obligation**

Both the Federal Rules of Civil Procedure and this court's Local Rules require a party seeking to compel discovery to confer in good faith with the opposing party as a prerequisite to seeking court intervention. Fed. R. Civ. P. 37(a)(1) requires that a discovery motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This court's Local Rules flesh out the meet-and-confer obligation. The rules provide that, in the case of

all discovery motions, counsel involved in the discovery dispute "shall confer in person or by telephone in a good-faith effort to resolve each specific discovery dispute." W.D. MICH. LCIVR 7.1(d). The penalty for failing to fulfill this obligation is that a prevailing party otherwise entitled to fees and expenses forfeits this right. FED. R. CIV. P. 37(a)(5)(A)(i).

The efforts by plaintiff's counsel to fulfill the meet-and-confer obligation of the rules consist of an exchange of e-mails between counsel. (ID#s 85-89). Plaintiff's efforts meet neither the form nor the substance required by the rules. First, counsel never attempted to confer "in person or by telephone" as required by W.D. Mich. LCivR 7.1(d). An exchange of curt e-mails is almost never successful in resolving discovery disputes. For precisely this reason, the court requires counsel to engage each other on a personal level. Although a preliminary exchange of e-mails may be useful in identifying the issues, a moving party does not satisfy Local Rule 7.1(d) unless and until he attempts to speak to opposing counsel.

The substance of plaintiff's efforts was likewise lacking. Defense counsel made it clear that she thought certain discovery requests sought irrelevant information. Defense counsel's e-mail asked plaintiff's counsel "to explain how these documents are relevant to the claims pled in your client's complaint." (ID# 89). Counsel committed to reconsider her position if plaintiff's counsel provided a satisfactory explanation. (*Id.*). Plaintiff's counsel responded as follows: "The Rules of Federal Procedure do not require me, to satisfy you that my requests are relevant. You are not the judge in this case but I do plan on filing a motion so you can explain your position to the court." (ID# 87). Counsel's failure to engage the substance of defendant's objection is precisely the type of obstinate conduct that the rules seek to discourage. When faced with an objection to relevance, an interrogating party most certainly does have the obligation to make his case of

relevance to opposing counsel before presenting the argument to the court. When defense counsel persisted, plaintiff's counsel repeated that he had "no duty to explain relevancy to you as that is no basis for any objection to discovery." Plaintiff's counsel contended that defendant's interpretation of the meet-and-confer provisions was "strained." (ID# 86). To the contrary, plaintiff's counsel completely misunderstands his obligation under this court's Rules. A good-faith effort to resolve a discovery dispute requires precisely the kind of substantive discussion invited by defense counsel.

Perfunctory demands for capitulation followed by a steadfast refusal to discuss the substance of a discovery dispute falls far short of compliance with counsel's obligation to meet and confer "in good faith" to resolve discovery disputes. Plaintiff's counsel has not complied with the meet-and-confer obligation, and the sanction of Rule 37(a)(5) applies.

### B.  Discovery Dispute

Rule 26(b)(1) allows a party to obtain discovery regarding any nonprivileged matter that is "relevant to any party's claim or defense." Despite recent narrowing of the scope of discovery as a result of amendments to Rule 26, the rule continues to provide that relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). The principal dispute between the parties concerns the discoverability under this rule of certain information requested by plaintiff.

Interrogatory no. 2 requests basic information about the debt that defendant was attempting to collect when the alleged violations of the FDCPA occurred. The information requested includes only the identity of the creditor, the amount of the debt, and a breakdown of principal, interest and fees. Defendant has objected to the production of this basic information, on the

contention that it is irrelevant, because plaintiff has not contested her obligation to pay the debt. Defendant's view of relevance is unreasonably narrow. In any case brought under the FDCPA, discovery of the debt collector's underlying file, including evidence of the existence and the amount of the debt, collector's notes, and communications with the debtor, would be appropriate as such basic information is "relevant" to the claims and defenses. In the present case, such basic information is especially relevant, as one of plaintiff's claims is that defendant never sent plaintiff a written notice validating the debt, that is, setting forth the amount of the debt and the name of the creditor to whom the debt was owed, as required by 15 U.S.C. § 1692g. Clearly, the information in the debt collector's file concerning debt validation is central to such a claim. If, for example, discovery shows that the debt collector did not know the amount of the debt or the name of the creditor at the time the debt collector acted, plaintiff's claim under section 1692g is strengthened. Evidence is "relevant" if it has "any tendency" to make a fact more or less probable than it would be without the evidence. FED. R. EVID. 401(a). This is not a strenuous test, and it is easily met by plaintiff in this case. The court will therefore compel an answer to interrogatory no. 2.

Defendant objects to certain portions of document request no. 1. Subsection (a), which calls for "all documents related to defendant's attempt to collect the debt from the plaintiff" is objected to as overly broad and vague. This objection is itself overly broad and vague. There is nothing imprecise about asking for documents relating to defendant's collection attempts with regard to a particular debtor. Presumably, defendant maintains a paper or electronic file relating to the particular debt allegedly owed by plaintiff. Again, discovery of the debt collector's file is reasonable and to be expected in a case of this nature. *See Patrick v. PHH Mort. Corp.*, No. 3:12-cv-39, 2014 WL 296930 at * 5 (N.D. W.Va. Jan. 27, 2014) (ordering production of entire mortgage file in

FDCPA case). If relevant for no other reason, the debt collector's file will bear on the bona fide error defense (Answer, docket # 8, Second Aff. Def.), as the defense focuses on the facts known to the debt collector when it acted. *See Jerman v. Carlisle, McNelli, Rini, Kramer & Ulrich, P.C.*, 559 U.S. 573 (2010). The objection to request no. 1(a) is overruled.

Request no. 1(b) seeks all correspondence between the parties. Defendant evades the request by indicating that it sent an "initial collection letter" to plaintiff and that plaintiff has a copy of the letter. Plaintiff, however, disputes that a letter was ever sent. The allegation that the opponent already has a copy of a disputed piece of evidence does nothing to satisfy the responding party's discovery obligation. Defendant will be required to produce copies of all correspondence between plaintiff and defendant, whether or not defendant thinks that plaintiff has a copy of the correspondence already. The remainder of request no. 1 appears to have been complied with by defendant.

Finally, document request no. 4 seeks invoices, ledgers, promissory notes, security agreements, assignment documents, and other documents related to the debt. Defendant objected to request no. 4 as "overly broad" and also on grounds of relevance. The request is not overly broad, as it is focused on the debt at issue. Nor is the request irrelevant. If defendant had no proof whatsoever that a debt was owing from plaintiff to a creditor, and no interest in collecting the debt, then any collection effort might well be deemed "unfair or unconscionable." 15 U.S.C. § 1692f. Documents tending to show the extent of the debt collector's interest in the account are discoverable in a FDCPA case. *See Anchondo v. Anderson, Crenshaw & Assoc., LLC*, 256 F.R.D. 661, 667 (D.N.M. 2009). Again, plaintiff seeks only information relevant to the debt at issue in the present case. As plaintiff points out, the underlying file will tend to throw light on the question whether this

was a consumer debt falling within the scope of the FDCPA.  *See* 15 U.S.C. § 1692a(5).  If the underlying documents show that a debt was generated in connection with a business transaction, plaintiff's claim fails.  The documents, depending on what they show, could lead to relevant evidence.  The fact that defendant, as a mere debt collector, may not have such documents in its file is not grounds for an objection.  A party is only required to produce documents that are within its possession, custody or control.  FED. R. CIV. P. 34(a)(1).  If defendant does not have the requested documents within its possession, custody or control, it should just say so, and that will be the end of the matter.

An order will be entered granting plaintiff's motion to compel, but denying her request for costs and attorney's fees.


Dated:  July 1, 2014              /s/  Joseph G. Scoville
                                  United States Magistrate Judge